UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAMELL W. LYNN,


                              Plaintiff,


                                                          DECISION AND ORDER

                                                          15-CV-6665L


               v.


CAROLYN W. COLVIN,
Acting Commissioner of Social Security,


                              Defendant.

_____


        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social

Security ("the Commissioner").  The action is one brought pursuant to 42 U.S.C. § 405(g) to

review the Commissioner's final determination.

        On February 1, 2010, plaintiff filed applications for a period of disability and disability

insurance benefits, as well as Supplemental Security Income benefits, alleging an inability to

work since June 24, 2009.  His applications were initially denied.  Plaintiff requested a hearing,

which was held on November 18, 2011 before Administrative Law Judge ("ALJ") Brian Kane.

(Administrative Transcript, Dkt. #8 at 79-131).   The ALJ issued a decision on December 22,

2011, concluding that plaintiff was not disabled under the Social Security Act.  (Dkt. #8 at 157-

165).  Plaintiff appealed the decision to the Appeals Council, which remanded the matter,

primarily for the purpose of further evaluation of the plaintiff's mental impairments and the obtainment of additional testimony from a vocational expert. (Dkt. #8 at 171-72). After holding a supplemental hearing on February 13, 2014 (Dkt. #8 at 36-78), ALJ Brian Kane issued a second decision on April 30, 2014, finding that plaintiff, then a thirty-four-year-old man with substance abuse disorder, anger management issues and lower back pain, is not disabled. (Dkt. #8 at 10-31).

That decision became the final decision of the Commissioner when the Appeals Council denied review on September 8, 2015. (Dkt. #8 at 1-4). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #10), and the Commissioner has cross moved (Dkt. #13) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

### I.     Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. If the ALJ concludes that the claimant is not engaged in substantial gainful employment and suffers from a severe impairment, the ALJ examines whether the claimant's impairment meets or equals the criteria of those listed in Appendix 1 of Subpart P of Regulation No. 4. If the impairment does, and has continued for the required duration, the claimant is disabled. If not, analysis proceeds and the ALJ determines the

claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See* 20 CFR §404.1520(e), (f).  If the claimant's RFC permits him to perform relevant jobs he has done in the past, he is not disabled.  If not, analysis proceeds to the final step, and the burden shifts to the Commissioner to show that the claimant is not disabled, by presenting evidence demonstrating that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986)).  *See also* 20 CFR §404.1560(c).

Where a claimant's alleged disability includes mental components, at steps 2 and 3 the ALJ must apply the so-called "special technique" in addition to the usual five-step analysis.  *See Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).  If the claimant is found to have a medically determinable mental impairment, the ALJ must assess the claimant's degree of resulting limitations in four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) episodes of decompensation.   20 CFR §404.1520a(c)(3).  If and how the analysis proceeds from that point depends upon the degree of impairment found.  However, the ALJ must document his analysis, and his written decision must "reflect application of the technique, and…'include a specific finding as to the degree of limitation in each of the [four] functional areas.'" *Kohler*, 546 F.3d 260 at 266, *quoting* 20 CFR §404.1520a(e)(2).

Furthermore, where, as here, the alleged nonexertional impairments include substance abuse, the inquiry "does not end with the five-step analysis." *Cage v. Commissioner*, 692 F.3d

118, 122 (2d Cir. 2012).  A claimant is not considered disabled if alcoholism or drug addiction is a contributing factor that is material to a determination that the individual is disabled.  *Id.*  As such, if the ALJ determines that a claimant is disabled, and the record contains medical evidence of substance abuse, the ALJ must proceed to determine whether the substance abuse is a "contributing factor material to the determination of disability" – that is, whether the claimant would still be found disabled if he "stopped using drugs or alcohol."  *Lovelace v. Colvin*, 2016 U.S. Dist. LEXIS 103187 at *23-*24 (S.D.N.Y. 2016) (quoting 20 CFR §§ 404.1535(a), 404.1535(b)(1), 416.935(a), 416.935(b)(1)).  The claimant bears the burden of proving that drugs and/or alcohol are not material to the disability determination – that is, that even in the absence of drug or alcohol abuse, the claimant would still be disabled.  *Cage*, 692 F.3d 118 at 121-23.  If the claimant fails to make this showing, and would *not* be disabled in the absence of drug and/or alcohol abuse, the ALJ continues through the remainder of the traditional five-step analysis.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards.  *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).  Substantial evidence is defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)).  Still, "it is not the function of a reviewing court to decide *de novo* whether a

claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).   "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II.      The ALJ's Decision

Here, the ALJ found that the plaintiff had severe impairments, consisting of substance abuse disorder (alcohol abuse), anger management issues and back pain, which did not meet or equal a listed impairment.   Applying the special technique, the ALJ found that when abusing alcohol, plaintiff has moderate restrictions in activities of daily living, marked difficulties in social functioning, marked difficulties with regard to concentration, persistence or pace, and no episodes of decompensation.   The ALJ determined that *with* substance abuse, plaintiff retained the RFC to perform light work, except that plaintiff is limited to lifting no more than 15 pounds, can stand or walk for up to an hour at a time, up to four hours per day, has no sitting limitation, can perform four-to-five-step detailed tasks and would be off-task for 20% of the workday. When the ALJ presented this hypothetical to the vocational expert at plaintiff's hearing, the vocational expert opined that there were no jobs in the national economy that such an individual could perform.  (Dkt. #8 at 127).

The ALJ next examined the materiality of plaintiff's substance abuse, and determined that if plaintiff stopped abusing drugs and alcohol, plaintiff would be only mildly restricted in activities of daily living, moderately restricted in social functioning and concentration, persistence and pace, and would experience no episodes of decompensation.  (Dkt. #8 at 24-25). In determining the extent of plaintiff's limitations without alcohol abuse, the ALJ took note of

evidence in the record that plaintiff was entirely self-sufficient with regard to his personal care and activities of daily living, that plaintiff had sought mental health treatment only sporadically and was largely non-compliant with even the conservative treatment regimen prescribed by his care providers, that plaintiff had ignored referrals to substance abuse treatment programs, and that during periods when plaintiff was drinking less, his therapists had stated that plaintiff no longer reported depressive symptoms or displayed symptoms of mental instability.  (Dkt. #8 at 28).  The ALJ also noted that plaintiff's therapists had observed that plaintiff "seems more invested in the view that he cannot work than in any possibility of changing in order to do so," and that plaintiff was "primarily interested in talking about his upcoming disability hearing, and presenting himself as unemployable . . ." (Dkt. #8 at 27).

In light of plaintiff's mild-to-moderate nonexertional limitations, the ALJ found that without substance abuse, the thirty-four-year-old plaintiff has the RFC to perform light work, except that plaintiff is limited to lifting no more than 15 pounds, can stand or walk for up to an hour at a time, up to four hours per day, has no sitting limitation, can perform work with a specific vocational preparation of 4 or 5 (meaning work that includes on-the-job training or is performed under the instruction of another worker, or a job with a lesser degree of responsibility), and can only occasionally deal with the general public.  When given a hypothetical encompassing this RFC at plaintiff's initial hearing (and, in fact going beyond it – specifying "no direct contact with the public, and only superficial contact with coworkers and supervisors"), the VE testified that plaintiff could perform the positions of collator operator and photocopy machine operator.  (Dkt. #8 at 128-129).

Plaintiff does not challenge the ALJ's RFC finding with respect to plaintiff's exertional limitations.  Plaintiff chiefly argues that the ALJ erred by "cherry-picking" the mental RFC reports in the record, failing to sufficiently explain the reasons for the varying weight he granted to those opinions, and improperly substituting his own lay opinion for medical evidence of record.  Plaintiff suggests that if the ALJ had given proper weight to the opinions of record, he would have concluded that even in the absence of alcohol abuse, plaintiff is moderately limited in his ability to interact with *anyone* in a work setting, and not simply with the general public. S*ee e.g.*, Dkt. #8 at 661 (consulting psychologist Dr. Arlene Broska notes that plaintiff is capable of performing simple tasks, but "may have difficulty relating adequately with others and appropriately dealing with stress"); 150, 673 (non-examining agency review psychiatrist Dr. R. Almansberger notes that plaintiff has "moderate" difficulties in maintaining social functioning, including interacting with the general public and coworkers, and responding to supervisors).

Assuming *arguendo* that the ALJ erred in his evaluation of the opinions of record and thus erroneously found that plaintiff's limitations with regard to social interaction in the absence of alcohol abuse extended only to the general public and not to supervisors and coworkers, such error is harmless.  "The Second Circuit has held that an ALJ's failure to incorporate certain non-exertional mental limitations is harmless error" where the record contains proof that a claimant can perform simple, routine tasks despite his social limitations, or where at least one of the jobs which a VE has testified the claimant can perform does not require significant human interaction. *Race v. Commissioner*, 2016 U.S. Dist. LEXIS 80855 at *15-*17 (N.D.N.Y. 2016).

Here, the VE's testimony at the hearing included answering a hypothetical question that described a moderate-or-greater limitation on social interaction that extended to coworkers,

supervisors and the general public – the same extent of limitation plaintiff argues the ALJ should have found in determining plaintiff's RFC.  In response to that hypothetical, the VE stated that two of the jobs he had previously described, collator operator and photocopy machine operator, could be performed by an individual limited to "no direct contact with the public, and just superficial contact with coworkers and supervisors."  (Dkt. #8 at 127-29).  *See also Newell v. Colvin*, 2016 U.S. Dist. LEXIS 116397 at *28-*29 (W.D.N.Y. 2016) (individual limited to occasional interaction with coworkers, supervisors and the general public can perform the positions of collator operator or photocopy machine operator); *Scott v. Colvin*, 2014 U.S. Dist. LEXIS 85923 at *9 (W.D.N.Y. 2014) (individual limited to no interaction with the general public and only occasional interaction with coworkers can perform collator operator position); *Harris v. Colvin*, 2014 U.S. Dist. LEXIS 124620 at *17-*18 (E.D.N.Y. 2014) (claimant limited to low-stress work with no more than occasional interaction with the public and coworkers can perform the position of photocopy machine operator); *Paulino v. Colvin*, 2014 U.S. Dist. LEXIS 65665 at *19 (S.D.N.Y. 2014) (claimant restricted to occasional contact with coworkers and supervisors and no interaction with the public can work as a photocopy machine operator); *Gill v. Astrue*, 2011 U.S. Dist. LEXIS 105646 at *17-*18) (N.D.N.Y. 2011) (individual limited to simple, low-stress work with "no intensive interaction" with the public or coworkers can perform photocopy machine operator and collator operator positions).

Because plaintiff could perform the positions of collator operator and photocopy machine operator even if the ALJ had fully credited the mental RFC reports of record and included a moderate limitation on interacting with supervisors, coworkers *and* the general public in his RFC

finding, remand would be futile. *See generally Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand is not necessarily where it would result in the same conclusion).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and that to the extent it contained legal error, such error is harmless. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
February 27, 2017.

9